# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FORD,<br><br>                 Plaintiff,<br><br>        v.<br><br>G. WILDEY, et al.,<br><br>                 Defendants. | Case No.  1:10-cv-01024-AWI-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

## I.

## INTRODUCTION

Plaintiff Benny Ford ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on June 7, 2010.  (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint states some cognizable claims.  The Court will order Plaintiff either to amend his complaint to cure the deficiencies in his non-cognizable claims or to notify the Court that he does not wish to amend and wishes to proceed only on the claims found to be cognizable in this order.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in custody in the High Desert State Prison ("HDSP") in Susanville, California. However, the incidents described in Plaintiff's complaint took place while he was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff names Correctional Officer G. Wildey, Correctional Officer R. Marshall, and L. Bonifascio as defendants (collectively referred to as "Defendants").

On July 16, 2009, Defendant Wildey came to escort Plaintiff from the shower back to his

cell. When Defendant Wildey came to the shower door, Plaintiff placed his hands out of the tray slot to allow Defendant Wildey to handcuff him. Defendant Wildey placed the handcuffs on Plaintiff's wrists. Defendant Wildey squeezed both metal handcuffs around Plaintiff's wrists very tightly. Plaintiff felt a surge of severe pain in his wrists and hands. Plaintiff told Defendant Wildey that the handcuffs were way too tight and that he was in pain. As Defendant Wildey escorted Plaintiff to his cell, he started bragging that he could squeeze the handcuffs even tighter. Plaintiff pleaded with Defendant Wildey to stop because he was already in severe pain.

Once Plaintiff was inside his cell, Defendant Wildey started bragging to Defendant Marshall that he could squeeze the handcuffs a lot tighter. Defendant Wildey and Defendant Marshall were grinning at each other during this exchange. Plaintiff remained in the tight handcuffs for another sixty to ninety seconds until Defendant Wildey removed them.

Plaintiff was in constant pain following this incident. He asked other inmates if they had any pain medication. Plaintiff noticed there was a popping sound in his right wrist area and it felt like something was loose in his left wrist area. Plaintiff saw medical staff, Defendant Bonifascio, enter his section,[1] and immediately called Defendant Bonifascio to his cell door. Plaintiff told Defendant Bonifascio that he was in pain and needed medical attention. Defendant Bonifascio asked Plaintiff what was wrong. Plaintiff told Defendant Bonifascio that Defendant Wildey had assaulted him and that he was in need of pain medication. Plaintiff also requested that Defendant Bonifascio videotape his injuries. Defendant Bonifascio "threw a medical form in Plaintiff's cell and stated he wasn't going to get involved in that, and ran from Plaintiff's cell door."

**IV.**

**DISCUSSION**

A.   <u>**Eighth Amendment Excessive Force Claims**</u>

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. <u>Wilkins v. Gaddy</u>, 130 S.Ct. 1175, 1178 (2010) (per curiam); <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show

---

[1] Plaintiff's complaint does not state how much time passed until he saw Defendant Bonifascio.

3

sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

The Court finds that Plaintiff's allegations are sufficient to state a claim against Defendant Wildey for use of excessive force, in violation of the Eighth Amendment.

///

**B.     Eighth Amendment Failure to Protect Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

The Court finds that Plaintiff's allegations are sufficient to state a claim against Defendant Marshall for the failure to protect him, in violation of the Eighth Amendment.

### C.     Eighth Amendment Deliberate Indifference Claims

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it."

5

Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. Snow v. McDaniel, 681 F.3d 978, 990 (9th Cir. 2012); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and it is a high legal standard. Toguchi, 391 F.3d at 1060 (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's amended complaint is devoid of factual support for his claim that Defendants Wildey, Marshall, and Bonifascio acted with deliberate indifference to Plaintiff's medical needs. Plaintiff's complaint fails to allege facts showing that a substantial risk of serious harm existed from not obtaining pain medication immediately. Although Plaintiff's complaint alleges that Defendant Bonifascio stated he would not get involved, Defendant Bonifascio did provide Plaintiff with a medical form. Plaintiff's complaint does not include facts as to whether Plaintiff received medical care as a result of filling out the medical form. Further, Plaintiff's complaint is

devoid of factual support for any harm that was caused by the indifference. Accordingly, the Court finds that Plaintiff's allegations are insufficient to state a claim against Defendants Wildey, Marshall, and Bonifascio for deliberate indifference, in violation of the Eighth Amendment.

### V.

### CONCLUSION AND ORDER

Plaintiff's first amended complaint states (1) a cognizable claim against Defendant Wildey for excessive force in violation of the Eighth Amendment; and (2) a cognizable claim against Defendant Marshall for the failure to protect in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for a deliberate indifference claim. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims for excessive force and failure to protect, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the deliberate indifference claim and Defendant Bonifascio, and will forward Plaintiff two (2) summonses and two (2) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in

Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Wildey for excessive force and against Defendant Marshall for failure to protect; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **May 1, 2013**

UNITED STATES MAGISTRATE JUDGE