**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BENNY FORD,

Plaintiff,

v.

G. WILDEY, et al.,

Defendants.

Case No.: 1:10-cv-01024-LJO-SAB (PC)

ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR INDEPENDENT EXPERT

[ECF No. 40]

Plaintiff Benny Ford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion for an independent expert witness, filed February 27, 2014.

Plaintiff moves, pursuant to Rule 706 of the Federal Rules of Evidence, for appointment of a medical expert, during the summary judgment motion phase of this case. Pursuant to Rule 702 of the Federal Rules of Evidence, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. Under Rule 706, the Court may on its own motion, or on the motion of a party appoint an expert witness. Fed. R. Evid. 706 (a).

In this instance, the Court finds that appointment of an expert is not necessary or appropriate at this time. First, the Court does not need an expert witness to aid its understanding of the excessive force and failure to protect claims in this action. Second, in a civil rights action such as this, Rule 706(b) contemplates that the expert would be paid by the parties, but here, Defendants would have to the bear the entire cost because Plaintiff would be unable to pay for the expert. There is no showing that it is appropriate or fair to require the Court or another party to bear the sole burden of paying an expert witness to present Plaintiff's point of view.

Accordingly, Plaintiff's motion for appointment of a medical expert will be DENIED without prejudice.

IT IS SO ORDERED.

Dated: **March 5, 2014**

UNITED STATES MAGISTRATE JUDGE