# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FORD,<br><br>          Plaintiff,<br><br>     v.<br><br>G. WILDEY, et al.,<br><br>          Defendants. | Case No.: 1:10-cv-01024-LJO-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 45] |

Plaintiff Benny Ford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## RELEVANT HISTORY

This action is proceeding against Defendant Wildey for excessive force in violation of the Eighth Amendment and against Defendant Marshall for failure to protect in violation of the Eighth Amendment.

On April 24, 2014, Plaintiff filed a motion to compel responses to his requests for interrogatories and admissions. Defendants filed an opposition on May 15, 2014.

///

///

1

## II.

## DISCUSSION

### A. Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of

discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    Motion to Compel**

1.    Interrogatories

Federal Rule of Civil Procedure 33(a)(2) provides that an interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time. Fed. R. Civ. P. 33(a)(2).

3

Federal Rules of Civil Procedure 33(b)(1)(A) provides the interrogatories must be answered by the party to whom they are directed. Fed. R. Civ. P. 33(b)(1)(A). Further, each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath and the grounds for objecting to an interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(3) & (4).

2. <u>Defendant Wildey</u>

**a.   Interrogatory Number 14 (Set One):**

"On the date of 7-16-2009, were you aware that it was unconstitutional for correctional officers to intentionally squeeze a pair of handcuffs around a inmates wrists with all your strength?" (Pl.'s Mot. To Compel, ECF No. 45, Ex. B at 18.[1])

**Response:**

Defendant objects to this interrogatory as it assumes facts not in evidence specifically that Defendant "intentionally squeezed a pair of handcuffs around any inmate's wrist on July 16, 2009 with all Defendant's strength" or any other date. Without waiving this objection, Defendant responded: it is unconstitutional for a correctional officer to intentionally and maliciously use force on an inmate with the intent of causing serious bodily injury. (Pl.'s Mot. to Compel, ECF No. 45, at Ex. B. at 19.)

**Plaintiff's Objection to Response:**

Plaintiff argues Defendant Wildey's response to interrogatory number 14 is not a direct response and contains excessive verbiage.

**Ruling:**

Plaintiff's motion to compel is denied. Defendant Wildey provided a sufficient response to this request for admission by stating his awareness of the unconstitutionality if an officer intentionally and maliciously using force on an inmate with the intent to cause serious bodily injury. Such response is the proper legal definition of excessive force as it applies to Plaintiff's claim under the Eighth Amendment. See <u>Hudson v. McMillian</u>, 503 U.S. 1, 6 (1992) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37,

---

[1] The pages number reflect the pagination as it appears on the Court's Case Management Electronic Case Filing System.

4

1  130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks
2  omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013)).

        **b.**    **Interrogatory Number 15 (Set One)**

4  "On 7-16-2009, was it against rules, procedures, or policies of the California Department of
5  Corrections and Rehabilitation for a correctional officer to intentionally squeeze a pair of handcuffs
6  around a inmates wrists with all your strength?"  (Pl.'s Mot. to Compel, ECF No. 45, Ex. B at 19.)

        **Response:**

8  Defendant objects to this interrogatory as it assumes facts not in evidence specifically that
9  Defendant "intentionally squeezed a pair of handcuffs around any inmate's wrist on July 16, 2009 with
10 all Defendant's strength," or any other date.  Without waiving this objection, Defendant responded: it
11 is against policy and procedure for a correctional officer to intentionally and maliciously use force on
12 an inmate with the intent of causing serious bodily injury.  (Pl.'s Mot. to Compel, ECF No. 45, Ex. B
13 at 19.)

        **Plaintiff's Objection to Response:**

15 Plaintiff argues Defendant Wildey's response to interrogatory number 15 is not a direct
16 response and contains excessive verbiage.

        **Ruling:**

18 Plaintiff's motion to compel is denied.  Defendant Wildey provided a sufficient response to
19 this request by advising Plaintiff that it is against policy and procedure for a correctional officer to
20 intentionally and maliciously use force on an inmate with the intent of causing serious bodily injury,
21 which is the correct legal definition of excessive force in violation of the Eighth Amendment.  See
22 Hudson v. McMillian, 503 U.S. at 6.

        **c.**    **Interrogatory Number 25 (Set Two)**

24 "What are the names of previous lawsuits you've been named as a defendant in?"  (Pl.'s Mot.
25 to Compel, ECF No. 45, Ex. A at 10.)

        **Initial Response:**

27 Defendant objects to this interrogatory on the grounds that it is over broad, burdensome,
28 irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without

1  waiving said objections, I do know the names of other lawsuits where I have been named a defendant,
2  and after a reasonable and diligent search, I was not able to locate that information." (Pl.'s Mot. to
3  Compel, ECF No. 45, Ex. A at 11: see Bajwa Decl. § 2, Ex. A.)
4       Defense counsel submits that in preparing the opposition to Plaintiff's motion to compel,
5  counsel discovered a typographical error in the original responses propounded on Plaintiff.
6  Accordingly, Defendant Wildey has amended the response to this interrogatory as reflected below.
7  (Bajwa Decl., Ex. A.)
8       **Supplemental Response:**[2]
9       Defendant objects to this interrogatory on the grounds that it is over broad, burdensome,
10  irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without
11  waiving said objections, I do not know the names of other lawsuits where I have been named a
12  defendant, and after a reasonable and diligent search, I was not able to locate that information.
13       **Plaintiff's Objections to Response:**
14       Plaintiff argues Defendant Wildey has not provided a full and complete response to this
15  interrogatory.
16       **Ruling:**
17       Plaintiff's motion to compel is granted.  Defendant Wildey cannot plausibly claim that he not
18  aware of the names of previous lawsuits where he was named a defendant, and Defendant makes no
19  specific showing of the details of the diligent search which he claims he conducted.  Accordingly,
20  Plaintiff's motion to compel a response to this interrogatory is granted.
21       3.    <u>Defendant Marshall</u>
22       **a.    Interrogatory Numbers 16, 17, and 19**
23       In his opposition, Defendant Marshall indicates that in the interest of cooperation, he will
24  amend and re-serve his responses to Interrogatories Numbers 16, 17, and 19.  (Bajwa Decl. ¶ 4, Ex.
25  C.)  The Court will address each interrogatory along with the supplemental response provided by
26  Defendant Marshall.

---

[2] Defendant Wildey amended his response to Plaintiff's request for interrogatories on May 9, 2014, subsequent to the date Plaintiff filed the instant motion to compel on April 24, 2014.  (Bajwa Decl., Ex. D.)

**b.     Interrogatory Number 16**

"On 7-16-2009, did you know that a correctional officer could be held liable under the eighth amendmend (sic) of the Federal Constitution, if he see's another officer physically assaulting a innocent inmate and he doesn't intervene?"

**Initial Response:**

Defendant objects to this interrogatory because it assumes facts not in evidence, calls for speculation, calls for a legal conclusion, and is vague as to the term "innocent."  Without waiving said objections, Defendant responds: Correctional officers are allowed to use force as necessary to maintain the safety and security of the prison institution, consistent with use of force policies in place at the institution and with their training.

**Plaintiff's Objection to Response:**

Plaintiff objected that Defendant Marshall did not respond to the direct question.  (Pl.'s Mot. to Compel, ECF No. 45, Ex. F, at 2.)

**Supplemental Response:**[3]

Defendant objects to this interrogatory because it assumes facts not in evidence, calls for speculation, calls for a legal conclusion, and is vague as to the term "innocent."  Without waiving said objections, Defendant responds: Correctional officers are allowed to use force as necessary to maintain the safety and security of the prison institution, consistent with use of force policies in place at the institution and with their training.  Yes, I am aware that correctional officers have a duty to ensure the safety and security of all inmates, from other inmates and correctional staff, and must intervene to stop any assaults on inmates by other inmates or correctional staff.

**Ruling:**

In light of Defendant Marshall's supplemental response, Plaintiff's motion to compel shall be denied.  Defendant Marshall's supplemental response is sufficient by advising Plaintiff that correctional officers have a duty to ensure the safety and security of all inmates and must intervene to

---

[3] Defendant Marshall amended his response to Plaintiff's request for interrogatories on May 9, 2014, subsequent to the date Plaintiff filed the instant motion to compel on April 24, 2014.  (Bajwa Decl., Ex. C.)

7

stop any assault by other individuals. United States v. Koon, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81 (1996) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.").[4]

### c.  Interrogatory Number 17

"On 7-16-2009, did you know it was a violation of the California Code of Regulations Title 15, sections 3268.1(?)(1), and 3268.1(c) for a correctional officer to see a inmate being physically assaulted by a corrupt fellow officer and not to intervene or report the criminal activity to your supervisor?"

**Initial Response:**

Defendant objects to this interrogatory because it assumes facts not in evidence, is compound, calls for speculation and is vague as to the terms "physically assaulted by a corrupt fellow officer" and "not to intervene or report the criminal activity to your supervisor." Without waiving said objections, Defendant responds: Correctional officers are allowed to use force as necessary to maintain the safety and security of the prison institution, consistent with use of force policies in place at the institution and with their training.

**Plaintiff's Objection to Response:**

Plaintiff objected that Defendant Marshall did not answer the direct question as phrased and seeks to eliminate the unnecessary rhetoric.

**Supplemental Response:**

Defendant objects to this interrogatory because it assumes facts not in evidence, calls for speculation calls for a legal conclusion, and is vague as to the terms "physically assaulted by a corrupt fellow officer." Without waiving said objections, Defendant responds: Correctional officers are

---

[4] The Court is mindful of the fact that Defendants amended certain responses to Plaintiff's discovery requests only after Plaintiff filed a motion to compel. If any party attempts to withhold documents or provide adequate responses to discovery requests until the other side institutes litigation over the matter through a motion to compel or other relief, then the Court may be inclined to rely solely on the initial response in deciding the matter and for other relief as the Court deems just. The Court is very attuned to the fact that litigation may require amendments to discovery responses in light of the focused litigation, but is also mindful that it often does not. Careful attention should be given to a first response so as to avoid unnecessary litigation. Here, a number of the responses were not addressed properly the first time. Careful attention will be given to avoid wasting the limited resources of this court, especially as in this case when two judicial officers are involved with the case. If persistence and failure to heed the warnings of the court is the course of practice, then initial disclosure may be the required course of action in the future.

1  allowed to use force as necessary to maintain the safety and security of the prison institution,

2  consistent with use of force policies in place at the institution and with their training. Yes, I know that

3  it is a violation of California Code of Regulations, Title 15, section 3268.1 et. seq. for a correctional

4  officer not to report a use of force upon an inmate by another correctional officer.

5  **Ruling:**

6  Plaintiff's motion to compel is denied. Defendant Marshall's supplemental response was

7  sufficient to respond to the interrogatory because it adequately set forth the Defendant's knowledge of

8  the applicable law.

9  **d.     Interrogatory Number 19**

10  "On or before 7-16-2009, did you know it was a violation of a inmate's constitutional rights

11  under the Eight Amendmend [sic] for a correctional officer to squeeze a pair of handcuffs around a

12  inmates wrists extremely tight and refuse to loosen them?"

13  **Response:**

14  Defendant objects to this interrogatory because it assumes facts not in evidence, calls for

15  speculation and is vague as to the terms "a correctional officer to squeeze a pair of handcuffs around a

16  inmates wrists extremely tight and refuse to loosen them." Without waiving said objections,

17  Defendant responds: Correctional officers are taught to place handcuffs on inmates, and check the

18  handcuffs to ensure the cuffs are not too tight by sliding their index finger between the handcuffs and

19  the inmate's wrist.

20  **Plaintiff's Objection to Response:**

21  Plaintiff contended that Defendant Marshall failed to respond to the simple and direct question

22  and seeks to eliminate the unnecessary rhetoric.

23  **Supplemental Response:**

24  Defendant objects to this interrogatory because it calls for a legal opinion, assumes facts not in

25  evidence, calls for speculation and is vague as to the terms "a correctional officer to squeeze a pair of

26  handcuffs around a inmates wrists extremely tight and refuse to loosen them." Without waiving said

27  objections, Defendant responds: Correctional officers are taught to place handcuffs on inmates, and

28  check the handcuffs to ensure the cuffs are not too tight by sliding their index finger between the

handcuffs and the inmate's writs. If the handcuffs are too tight, an inmate can feel discomfort or pain. I know that it is a violation of the Eighth Amendment to use force on an inmate with the intent of causing serious bodily injury.

**Ruling:**

Plaintiff's motion to compel is denied. Defendant Marshall's supplemental response is sufficient to respond to Plaintiff's interrogatory by setting forth Defendant's knowledge of the law.

    e.    **Interrogatory Number 22 (Set One)**

"What are the name(s) of previous lawsuits you have been named as a Defendant in?" (Pl.'s Mot. to Compel, ECF No. 45, Ex. D. at 46.)

**Response:**

Defendant objects to this interrogatory on the grounds that it is over broad, burdensome, irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. No response will be provided. (Pl.'s Mot. to Compel, ECF No. 45, Ex. D at 47.)

**Plaintiff's Objection to Response:**

Plaintiff argues he is entitled to a "truthful" response because Defendant Marshall is "pretending to be an innocent and conscientious officer."

**Ruling:**

Plaintiff's motion to compel is granted. Defendant Wildey cannot plausibly claim that he not aware of the names of previous lawsuits where he was named a defendant, and Defendant makes no specific showing of the details of the diligent search which he claims he conducted. Accordingly, Plaintiff's motion to compel a response to this interrogatory is granted.

    4.    <u>Request for Admission-Defendant Wildey</u>

A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either, and the genuineness of any described documents. Fed. R. Civ. P. 36(a).

///

///

1          **a.     Request for Admission Number 39 (Set One)**

2          "While employed by the California Department of Corrections and Rehabilitation (CDCR), you have had medical training, which could assist you in, making a credible medical determination when dealing with inmates." (Pl.'s Mot. to Compel, ECF No. 45, Ex. C at 35.)

          **Response:**

          Defendant objects to this request on the grounds that it is vague as to the terms "medical training, which could assist you in, making a credible medical determination when dealing with inmates," and subject matter.  Based on this objection, Defendant cannot answer the request as phrased.  (Pl.'s Mot. to Compel, ECF No. 45, Ex. C at 35.)

          **Plaintiff's Objection to Response:**

           Plaintiff argues that Defendant Wildey refused to respond to this request for admission, but gave a "medical" type answer to another request for admission in number 37.

          In his motion to compel, Plaintiff argues that Defendant Wildey's failure to timely respond to this request for admission results in the automatic admission of the matters requested pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure.  Plaintiff further argues Defendant Wildey should be compelled at the very minimum to give a further response to this request for admission.

          **Ruling:**

          Plaintiff's motion to compel a response to this request for admission is denied.  As an initial matter, Plaintiff provides no authority to support his contention that Defendant Wildey provided a "medical" type response to request for admission number 37, by responding: "Defendant objects to this request on the grounds that it calls for an opinion that this Defendant is not qualified to opine on, and therefore seeks irrelevant information not likely to lead to admissible evidence.  Defendant further objects on the grounds that this request is an incomplete hypothetical. Defendant further objects to this request on the grounds that it calls for speculation and is vague as to the term 'severe pain.'  Without waiving said objections, Defendant responds as follows: Defendant admits that the application of handcuffs can cause discomfort if the handcuffs are applied so tightly that they constrict blood flow to the wrist."  (Pl.'s Mot. to Compel, ECF No. 45, Ex. C at 35.)  Defendant

correctly acknowledges that his response to this request is based on general knowledge, i.e. if a person's body part is squeezed too tight, blood flow can be constricted.

The term "medical training" is vague as medical training encompasses a wide array of specialties, ranging from basic CPR training to a medical degree.  Plaintiff's request is also vague as to the terms "making a credible medical determination when dealing with inmates," because this type of situation can involve a variety of possible circumstances.  The Court is unable to determine the exact nature of the request as Plaintiff was not sufficiently specific in his request.  Accordingly, the Court will not require a further response to this request for admission, and Plaintiff's motion to compel is denied.

### III.
### ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel is GRANTED as to Interrogatory Number 25 as to Defendant Wildey and Interrogatory Number 22 as to Defendant Marshall.  Defendants are ordered to respond to such interrogatories within thirty days from the date of service of this order; and

2. Plaintiff's motion to compel is DENIED in all other respects.

IT IS SO ORDERED.

Dated: **June 6, 2014**

UNITED STATES MAGISTRATE JUDGE