1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   BENNY FORD, | )   Case No.: 1:10-cv-01024-LJO-SAB (PC) |
| | ) |
| 12         Plaintiff, | ) |
| | )   ORDER REGARDING PLAINTIFF'S MOTION |
| 13         v. | )   TO COMPEL DISCOVERY |
| | ) |
| 14   G. WILDEY, et al., | )   [ECF No. 52] |
| | ) |
| 15         Defendants. | ) |
| | ) |
| 16   _____ | ) |

17         Plaintiff Benny Ford is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19         This action is proceeding against Defendant Wiley for excessive force in violation of the

20   Eighth Amendment and against Defendant Marshall for failure to protect in violation of the Eighth

21   Amendment.

22         On May 29, 2014, Plaintiff filed a second motion to compel responses to his requests for

23   admissions.  Defendants filed an opposition on June 17, 2014, and Plaintiff filed a reply on June 27,

24   2014.

25   ///

26   ///

27   ///

28   ///

                                                    1

**II.**

**DISCUSSION**

**A.      Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.   As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶5.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.   See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of

discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.     Motion to Compel**

1.     Request for Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to

obtain the property on demand." <u>Allen v. Woodford</u>, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing <u>In re Bankers Trust Co.</u>, 61 F.3d 465, 469 (6th Cir. 1995)); <u>accord</u> <u>Bovarie v. Schwarzenegger</u>, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); <u>Evans v. Tilton</u>, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, <u>Uribe v. McKesson</u>, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  <u>Ochotorena v. Adams</u>, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).  As with previously discussed forms of discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); <u>Burlington N. & Santa Fe Ry. Co.</u>, 408 F.3d at 1149.

      2.   <u>Defendant Wildey's Responses to Plaintiff' Request for Document Production One Through Seven</u>

In request for production number one through seven, Plaintiff requested documents from his central, medical and mental health files.  (See Pl's Mot. to Compel, ECF No. 52 at 19-21.)  Plaintiff argues these documents are relevant.

**Requested Document Number 1:**

California Department of Corrections and Rehabilitation (CDCR) 602 Appeal, Log No. CCI-0-09-01247, filed 7-17-2009, including but not limited to all statements made by Plaintiff, staff and inmates who were interviewed during fact finding inquiry, at all three levels of appeal.

///

///

4

**Initial Response:**

Defendant object to this request on the grounds that it is vague and ambiguous, overbroad, and it … assumes facts not in evidence, specifically that statements were made by Plaintiff, staff and inmates "interviewed during the fact finding inquiry, at all three levels of appeal." Due to the request being vague, ambiguous and overbroad, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials. Without waiving objections, after a diligent search, all documents responsive to the request are contained in plaintiff's central file which is available for inspection and copying pursuant to institutional policies and procedures.

**Defendant's Reply to Motion to Compel:**

Defendant argues that Plaintiff contends these documents are relevant, without providing any explanation as to how or why the records are relevant, and he argues that Defendant Wildey's responses are "incomplete and evasive," against without providing any authority justifying his argument.

Defendant Wildey's responses are complete because Plaintiff has equal access to documents contained within his central, medical and mental files.

Requests numbers 1-7 all refer to documents that are available in Plaintiff's central file. In fact, in request no. 1, Plaintiff demands a copy of "602 Appeal, Log No. CCI-0-09-01247," but Plaintiff already has a copy of this grievance because he filed a copy of his grievance and responses in his complaint in this case.

**Plaintiff's Response:**

Plaintiff claims that he will not be issued the statements of all individuals interviewed without a full disclosure from the defendants or intervention by the courts.

**Ruling:**

Plaintiff's motion to compel is GRANTED.

Defendant's response to the request does not completely address Plaintiff's full request because there is no indication whether interviews of Plaintiff, staff, and/or inmates exist and/or whether such documentation is within Plaintiff's central file for which he may have access. Thus,

based on Defendant's response the Court cannot determine whether Defendant made a reasonable effort to respond.   Defendant is correct that Plaintiff did attach a copy of the applicable inmate grievance, and the director's level review indicates that various individuals provided information relating to the incident.   Defendant is advised that if confidential issues are involved, Defendant may raise appropriate objection(s) and request in camera review, if necessary.   Accordingly, Defendant Wildey will be directed to file a supplemental response to this request.

**Requested Document Number 2:**

The complete (CDCR 114-A, file and inmate segregation records) limited to Plaintiff, which is located on the facility 4-A, in Unit 2 left officers station.

**Initial Response:**

Defendant objects to this request on the grounds it is compound, vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving objections, documents responsive to this request are contained in Plaintiff's central file which is equally available to plaintiff for inspection and copying pursuant to institutional policies and procedures.

**Defendant's Reply to Motion to Compel:**

Defendant argues that Plaintiff contends these documents are relevant, without providing any explanation as to how or why the records are relevant, and he argues that Defendant Wildey's responses are "incomplete and evasive," without providing any authority justifying his argument.

Defendant Wildey's responses are complete because Plaintiff has equal access to documents contained within his central, medical and mental files.

Requests numbers 1-7 all refer to documents that are available in Plaintiff's central file.

**Plaintiff's Response:**

Plaintiff contends in conclusory terms that he needs this information to provide the court and jury the motive and culpable state of mind involving the defendant's despicable behavior.

**Ruling:**

Plaintiff's motion to compel is DENIED.   As an initial matter, Plaintiff's request is overbroad. It is not limited in time or scope to the events at issue in this action, nor is it limited to the incident involving Defendants Wildey and Marshall on July 16, 2009.   Further, Defendant indicates that any

1  such documents are located in his central file for which Plaintiff has equal access.  This response

2  complies with Rule 34 of the Federal Rules of Civil Procedure, which requires that a responding party

3  either state that inspection and related activities will be permitted to state an objection to the request.

4    **Requested Document Number 3:**

5    All CDCR official and unofficial documents created by CDCR employees and CDCR

6  prisoners that contain, mention, construe, or refer to any subject matter of the Plaintiff's allegations

7  against the Defendants G. Wildey and R. Marshall.

8    **Initial Response:**

9    Defendant objects to this request on the grounds it is compound, vague, overly broad and not

10  reasonably calculated to lead to the discovery of admissible evidence.  Due to the overbreadth,

11  documents deemed confidential may be responsive, the disclosure of which would create a hazard to

12  the safety and security of the institution and prison officials.  Without waiving objections, after a

13  diligent search, all documents responsive to the request are contained in plaintiff's central file which is

14  available for inspection and copying pursuant to institutional policies and procedures.

15    **Defendant's Reply to Motion to Compel:**

16    Defendant argues that Plaintiff contends these documents are relevant, without providing any

17  explanation as to how or why the records are relevant, and he argues that Defendant Wildey's

18  responses are "incomplete and evasive," without providing any authority justifying his argument.

19    Defendant Wildey's responses are complete because Plaintiff has equal access to documents

20  contained within his central, medical and mental files.

21    Requests numbers 1-7 all refer to documents that are available in Plaintiff's central file.

22    **Plaintiff's Response:**

23    Plaintiff contends he needs to have the full transparency of what CDCR employees knew,

24  prisoners knew, and when it was known involving his injuries as to the assault by Defendants.

25    **Ruling:**

26    Plaintiff's motion to compel is DENIED.  Plaintiff request is vague and overbroad.  In

27  addition, Defendants submit and Plaintiff does not refute that he has equal access to the documents

28  within his central file and there is no allegations such documentation is outside of such file.

**Requested Document Number 4:**

Plaintiff's CDCR central files in their entirety, which is located in the case records office at CSP-Corcoran Prison.  Also note, Plaintiff has two central files under the same CDCR prison number. I am requesting copies of both central files.

**Initial Response:**

Defendant objects to this request on the grounds it is burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials.  Without waiving objections, non-confidential portions of Plaintiff's central file are equally available to plaintiff for inspection and copying pursuant to institutional policies and procedures.

**Defendant's Reply to Motion to Compel:**

Defendant argues that Plaintiff contends these documents are relevant, without providing any explanation as to how or why the records are relevant, and he argues that Defendant Wildey's responses are "incomplete and evasive," without providing any authority justifying his argument.

Defendant Wildey's responses are complete because Plaintiff has equal access to documents contained within his central, medical and mental files.

Requests numbers 1-7 all refer to documents that are available in Plaintiff's central file.  In request nos. 4 – 6, Plaintiff demands his "CDCR central files in their entirety . . ., "medical files in their entirety . . .," and "mental health files in their entirety …"  (Pl.'s Mot. to Compel, ECF No. 52 at 19-20.)  But Plaintiff has equal access to his central, medical and mental health files, simply by making a request to view the file.

**Plaintiff's Response:**

Plaintiff contends he is in need of such information to provide the court and jury with the motive and culpable state of mind and the defendant's persistent willingness to attack and injure Plaintiff.

///

///

8

**Ruling:**

Plaintiff's motion to compel is DENIED.   Plaintiff's request is overbroad and unduly burdensome on Defendants.   Further, Plaintiff has equal access to his central, medical and mental health files, simply making a request to view the file.   (ECF No. 57, Declaration of Kimbrell at ¶¶ 12-14.)

**Requested Document Number 5:**

Plaintiff's medical files in its entirety.   Also note, Plaintiff has at least two medical files.   I am requesting them both.

**Initial Response:**

Defendant objects to this request on the ground it is burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving objections, plaintiff's medical file is equally available to Plaintiff for inspection and copying pursuant to institutional policies and procedures.

**Defendant's Reply to Motion to Compel:**

Defendant argues that Plaintiff contends these documents are relevant, without providing any explanation as to how or why the records are relevant, and he argues that Defendant Wildey's responses are "incomplete and evasive," without providing any authority justifying his argument.

Defendant Wildey's responses are complete because Plaintiff has equal access to documents contained within his central, medical and mental files.  …

Requests numbers 1-7 all refer to documents that are available in Plaintiff's central file.   In request nos. 4 – 6, Plaintiff demands his "CDCR central files in their entirety . . ., "medical files in their entirety . . .," and "mental health files in their entirety …"   (Pl.'s Mot. to Compel, ECF No. 52 at 19-20.)   But Plaintiff has equal access to his central, medical and mental health files, simply by making a request to view the file.

**Plaintiff's Response:**

Plaintiff contends he needs his medical file to demonstrate to the court and jury that Plaintiff did not have any hand or wrist injuries until he was physically assaulted by Defendants.

///

9

**Ruling:**

Plaintiff's motion to compel is DENIED.   Plaintiff's request is overbroad and unduly burdensome on Defendant.   Further, Plaintiff has equal access to his medical file and he presents no evidence to the contrary.[1]

**Requested Document Number 6:**

Plaintiff's mental health files in their entirety.

**Initial Response:**

Defendant objects to this request on the grounds it is burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving objections, plaintiff's mental health records are equally available to Plaintiff for inspection and copying pursuant to institutional policies and procedures.

**Defendant's Reply to Motion to Compel:**

Defendant argues that Plaintiff contends these documents are relevant, without providing any explanation as to how or why the records are relevant, and he argues that Defendant Wildey's responses are "incomplete and evasive," without providing any authority justifying his argument.

Defendant Wildey's responses are complete because Plaintiff has equal access to documents contained within his central, medical and mental files.   …

Requests numbers 1-7 all refer to documents that are available in Plaintiff's central file.   In request nos. 4 – 6, Plaintiff demands his "CDCR central files in their entirety . . ., "medical files in their entirety . . .," and "mental health files in their entirety …"  (Pl.'s Mot. to Compel, ECF No. 52 at 19-20.)   But Plaintiff has equal access to his central, medical and mental health files, simply by making a request to view the file.

**Plaintiff's Response:**

Plaintiff contends his mental file is necessary to give the jury and court involved in the case the motive and culpable state of mind of the Defendants.

---

[1] Indeed, Defendant has submitted the declaration of M. Kimbrell, Litigation Coordinator at Corcoran State Prison, who declares and provides evidence that on December 20, 2013, at Plaintiff's request, he was provided and signed a form acknowledging receipt of medical records from 2010 through 2013.  (ECF No. 57, Decl. of M. Kimbrell, Ex. C.)

**Ruling:**

Plaintiff's motion to compel is DENIED.  Plaintiff's request is overbroad and it not tailored to relevant information at the incident at issue here.  Further, Plaintiff may inspect and copy his medical file by following the institutional procedures.  Plaintiff has failed to demonstrate that he complied with such procedures, but was denied access to his medical file.[2]

**Requested Document Number 7:**

Plaintiff's 114-A-1, 1882, 114-D-"B" chronos.  These documents are maintained on the left side of the Plaintiff's 114-A folder, which is located on the facility 4-A, in Unit 2 left officers stations…"

**Initial Response:**

Defendant objects to this request on the grounds it is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, documents responsive to this request are contained in Plaintiff's central file which is equally available to Plaintiff for inspection and copying pursuant to institutional policies and procedures.

**Defendant's Reply to Motion to Compel:**

Defendant argues that Plaintiff contends these documents are relevant, without providing any explanation as to how or why the records are relevant, and he argues that Defendant Wildey's responses are "incomplete and evasive," without providing any authority justifying his argument.

Defendant Wildey's responses are complete because Plaintiff has equal access to documents contained within his central, medical and mental files.

Requests numbers 1-7 all refer to documents that are available in Plaintiff's central file.

**Plaintiff's Response:**

Plaintiff contends these documents are necessary to provide to the court and jury to determine the motivating factors behind the Defendants sadistic behavior and their culpable state of mind.

///

---

[2] Defendant has submitted the declaration of M. Kimbrell, Litigation Coordinator at Corcoran State Prison, who declares and provides evidence that on January 24, 2014, at Plaintiff's request, he was provided and signed a form acknowledging receipt of mental health records from 2009 through 2013.  (ECF No. 57, Decl. of M. Kimbrell, Ex. D.)

**Ruling:**

Plaintiff's motion to compel is DENIED.  Plaintiff may inspect and copy his medical file by following the institutional procedures.  Plaintiff has failed to demonstrate that he complied with such procedures, but was denied access to his central file.

  3.  <u>Amendment of Responses to Certain Requests for Document Productions</u>[3]

As an initial matter, Defendants argue that although Plaintiff states he is unable to obtain copies of documents contained within his central file and within California Code of Regulations, title 15 and the Department's Operation Manuel (DOM), both are equally available to Plaintiff by contacting his counselor at the prison institution where he is housed.

However, Defendants state that in an effort to cooperate and without waiving objections noted in their responses to request for document production, Defendants will provide the following documents in response to the request for production propounded by Defendants.

  4.  <u>Defendant Wildey's Responses to Request for Document Production Eight</u>
     <u>Through Fifteen</u>

**Requested Document Number 8:**

Copies to any and all documents, memos, chromos, training techniques, including the Department Operations Manuel, and the Operations Procedures Manual, that was authorized by the CDCR on or before 7-16-09, that (instructs correctional officers on what force is proper to use on prisoners).  This includes but not limited to the lowest levels of physical force to lethal levels of physical force.

**Initial Response:**

Defendant objects to this request on the grounds that it is overly broad as to time and is burdensome.  Due to the overbreadth, documents deemed confidential may be responsive, the

---

[3] The Court is mindful of the fact that Defendants amended certain responses to Plaintiff's discovery requests only after Plaintiff filed a motion to compel.  If any party attempts to withhold documents or provide adequate responses to discovery requests until the other side institutes litigation over the matter through a motion to compel or other relief, then the Court may be inclined to rely solely on the initial response in deciding the matter and for other relief as the court deems just.  The court is very much attuned to the fact that litigation may require amendments to discovery responses in light of the focused litigation, but is also mindful that it often does not.  Careful attention should be given to a first response so as to avoid unnecessary litigation.

disclosure of which would create a hazard to the safety and security of the institution and prison officials.  Without waiving these objections, responsive non-confidential documents, regarding use of force on inmates, in Defendant's possession, custody, and control are contained in Title 15 of the California Code of Regulations and the Department Operations Manual, both of which are available to Plaintiff for inspection and copying in the prison law library.

**Amended Response:**

California Code of Regulations, title 15 (2009) sections 3268, 3268.1, 3270-3271, 3275-3279, and Department Operations Manuel section 51030 et. seq., provided in Attachment I.

**Plaintiff's Reply:**

Plaintiff contends that he needs this documentation to have a clear understanding of what training the defendant's had on July 16, 2009, concerning the experience and inexperience on the use of force.

**Ruling:**  Plaintiff's motion to compel is DENIED.   By way of supplemental response, Defendant provided Plaintiff with the relevant copies of the applicable California Code of Regulations and Department Operations Manual relating to the use of force.   Without any specific claim by Plaintiff as to how this production was deficient, Defendant cannot be compelled to provide a further response.

**Requested Document Number 9:**

Copies to any and all documents, memos, chronos, training technics, including the Department Operations Manual and Operations Procedures Manuals that was authorized by CDCR on or before 7-16-09, that instructed correctional officers on what is the proper way to handcuff a prisoner.

**Initial Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome, irrelevant, and is not reasonable calculated to lead to the discovery of admissible evidence.  Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials.  Without waiving these objections, responsive non-confidential documents, regarding restraints used on inmates, including handcuffs, in Defendant's possession, custody, and control are contained in Title 15 of the California

Code of Regulations and the Department Operations Manual, both of which are available to Plaintiff for inspection and copying in the prison law library.

**Amended Response:**

California Code of Regulations, title 15 (2009) sections 3268.2, 3280, provided in Attachment II.

**Plaintiff's Reply:**

Plaintiff contends he is in need of the documents to demonstrate to the court and jury that Defendants did not follow CDCR protocol or adhere to constitutional standards.  Plaintiff is requesting copies of all documents that detail the training on the proper way to apply handcuffs.

**Ruling:**

Plaintiff's motion to compel is DENIED.  By way of supplemental response, Defendant provided Plaintiff with the relevant copies of the applicable California Code of Regulations and Department Operations Manual, including the use of restraints.  Without any specific claim by Plaintiff as to how this production was deficient, Defendant cannot be compelled to provide a further response.

**Requested Document Number 10:**

Copies to any and all documents, memos, chromos, training technics, including the Department Operations Manual and Operations Procedures Manuals, that was authorized by the CDCR on or before 7-16-09, that instructed correctional officers on what "not" to do when applying handcuffs on a prisoner.

**Initial Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome, irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials.  Without waiving these objections, responsive non-confidential documents, regarding restraints used on inmates, including handcuffs, in Defendant's possession, custody, and control are contained in Title 15 of the California

Code of Regulations and the Department Operations Manual, both of which are available to Plaintiff for inspection and copying in the prison law library.

**Amended Response:**

California Code of Regulations, title 15 (2009) sections 3268,2, 3280, provided in Attachment II.

**Plaintiff's Reply:**

Plaintiff contends these documents are necessary to demonstrate to the court and jury that Defendant did not follow protocol established by the California Department of Corrections and Rehabilitation or the constitutional standards when applying handcuffs to him and willfully used excessive on Plaintiff.   Plaintiff claims he is requesting documents that detail all the training the Defendant completed in the area of what not to do when applying handcuffs on prisoners.

**Ruling:**

Plaintiff's motion to compel is DENIED.   Plaintiff's request is overbroad and burdensome. Plaintiff did not request specifically documents as to the training of Defendant Wildey only as to what "not" to do when applying the use of restraints.   Defendant provided the applicable regulations relating to the use of force and application of restraints, and no further response is warranted.

**Requested Document Number 11:**

Copies to any and all documents, memos, chromos, manuals, including the Department of Operations Manual and Operations Procedures Manual that was authorized by the CDCR on or before 7-16-09, that instructed correctional officers what they "shall" do if they see a prisoner being physically assaulted by another officer.

**Initial Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome, and assumes facts not in evidence specifically that "prisoners are physically assaulted by officers." Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials.   Without waiving these objections, responsive non-confidential documents, regarding officer's duties owed in inmates, in Defendant's possession, custody, and control are contained in Title 15 of the California

Code of Regulations and the Department Operations Manual, both of which are available to Plaintiff for inspection and copying in the prison law library.

**Amended Response:**

California Code of Regulations, title 15 (2009) section 3268, 3268.1, 3270-3271, 3275-3279, and Department Operations Manual section 51030 et. seq., provided in Attachment I.

**Plaintiff's Reply:**

Plaintiff contends he needs these documents to show the court and jury that Defendant did not follow the protocol established by the CDCR.  Plaintiff is specifically requesting the documents that detail the training Defendant Wildey received.

**Ruling:**

Plaintiff's motion to compel is DENIED.  Plaintiff's request is overbroad and burdensome.  Plaintiff did not request specifically certain documents as to the training of Defendant Wildey on what he "shall" do if he during the observation of physical assault by another office.  Defendant provided the applicable regulations relating to the use of force by officers.

**Requested Document Number 12:**

Copies to any and all documents, memos, chromos, manuals, including the Department of Operations Manual and the Operation Procedures Manual that was authorized by the CDCR on or before 7-16-09, that instructed correctional officers what they (shall not) do if they see a prisoner being physically assaulted by another officer…

**Initial Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome, and assumes facts not in evidence specifically that "prisoners are physically assaulted by officers." Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials.  Without waiving these objections, responsive non-confidential documents, regarding officer's duties owed in inmates, in Defendant's possession, custody, and control are contained in Title 15 of the California Code of Regulations and the Department Operations Manual, both of which are available to Plaintiff for inspection and copying in the prison law library.

**Amended Response:**

California Code of Regulations, title 15 (2009) sections 3268, 3268.1, 3270-3271, 3275-3279, and Department Operations Manual section 51030 et. seq., provided in Attachment I.

**Plaintiff's Reply:**

Plaintiff contends he is in need of these documents to show the court and jury that Defendant did not follow the protocol established by the CDCR or the applicable constitutional standards.

**Ruling:**

Plaintiff's motion to compel is DENIED.  Plaintiff's motion to compel is DENIED.  By way of supplemental response, Defendant provided Plaintiff with the relevant copies of the applicable California Code of Regulations and Department Operations Manual, including the use of restraints. Without any specific claim by Plaintiff as to how this production was deficient, Defendant cannot be compelled to provide a further response.

**Requested Document Number 13:**

Copies to any and all documents, memos, chromos, manuals, including the Department of Operations Manual and Operation Procedures Manuals that was authorized by the CDCR on or before 7-16-09 that instructed correctional officers on what they "shall" do if they see a prisoner in pain and begging for help.

**Initial Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome, and assumes facts not in evidence specifically that officers "shall do" something "if a prisoner is in pain and begging for help."   Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials.   Without waiving these objections, responsive nonconfidential documents, regarding officer's duties owed to inmates, in Defendant's possession, custody, and control are contained in Title 15 of the CDCR Operations Manual, both of which are available to Plaintiff for inspection and copying in the prison law library.

///

///

**Amended Response:**

California Code of Regulations, title 15 (2009) sections 3004, 3268.1, provided in Attachment III.

**Plaintiff's Reply:**

Plaintiff requests these documents to show the court and jury involved in the case that Defendant did not follow the protocol established by the California Department of Corrections and Rehabilitation or federal law.

**Ruling:**

Plaintiff's motion to compel is DENIED.  By way of supplemental response, Defendant provided Plaintiff with the relevant copies of the applicable California Code of Regulations and Department Operations Manual.  Without any specific claim by Plaintiff as to how this production was deficient, Defendant cannot be compelled to provide a further response.

**Requested Document Number 14:**

Copies to any and all documents, memos, chromos, manuals, including the Department Operations Manual and Operation Procedures Manual that was authorized by the CDCR on or before 7-16-09 that instructed correctional officers what they (shall not) do if they see a prisoner in pain and begging for help.

**Initial Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome, and assumes facts not in evidence specifically that officers "shall not do" something "if a prisoner is in pain and begging for help."  Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials.  Without waiving these objections, responsive non-confidential documents, regarding officer's duties owed in inmates, in Defendant's possession, custody, and control are contained in Title 15 of the California Code of Regulations and the Department Operations Manuel, both of which are unavailable to Plaintiff for inspection and copying in the prison law library.

///

///

18

**Amended Response:**

California Code of Regulations, title 15 (2009) sections 2004, 3268.2, provided in Attachment III.

**Plaintiff's Reply:**

Plaintiff requests these documents to show the court and jury that Defendant did not follow the protocol established by the CDCR or federal law.

**Ruling:**

Plaintiff's motion to compel is DENIED.   By way of supplemental response, Defendant provided Plaintiff with the relevant copies of the applicable California Code of Regulations and Department Operations Manual.  Without any specific claim by Plaintiff as to how this production was deficient, Defendant cannot be compelled to provide a further response.

**Requested Document Number 15:**

Copies to any and all documents, memos, chromos, manuals, including the Department Operations Manual and Operation Procedures Manual that was authorized by the CDCR on or before 7-16-09, that instructs or authorizes a correctional officer to squeeze a pair of handcuffs around a prisoner's wrist with all their strength.

**Initial Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome, and assumes facts not in evidence specifically that officers "squeeze" pairs of handcuffs "around a prisoner's writs with all their strength."  Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials.  Without waiving these objections, responsive non-confidential documents, regarding procedures for restraints used on inmates, in Defendant's possession, custody, and control are contained in Title 15 of the California Code of Regulations and the Department Operations Manual, both of which are available to Plaintiff for inspection and copying in the prison law library.

///

///

**Amended Response:**

California Code of Regulations, title 15 (2009) sections 3268.2, 3280, provided in Attachment II.

**Plaintiff's Reply:**

Plaintiff does not provide a specific objection to this response in his reply to Defendants' opposition.

**Ruling:**

Plaintiff's motion to compel is DENIED.   By way of supplemental response, Defendant provided Plaintiff with the relevant copies of the applicable California Code of Regulations and Department Operations Manual.  Without any specific claim by Plaintiff as to how this production was deficient, Defendant cannot be compelled to provide a further response.

     5.    <u>Defendant Wildey's Responses to Request for Document Production Sixteen Through Twenty-One</u>

**Requested Document Number 16:**

A copy of Defendant G. Wildey's CDCR's complete prison record/files in its entirety as it was on the date of 7-16-09.

**Response:**

Defendant objects to this request on the grounds that it is vague, overly broad as to time and subject matter, burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request on the grounds that the documents requested are confidential and are part of Defendant's personnel information and thus are protected from disclosure by the constitutional right to privacy, and various state and federal statutes governing the confidentiality of peace officer records, the official information privilege, California Government Code sections 6254, and California Evidence Code sections 1040, 1041, and 1043.  No documents will be produced.

///

///

///

20

1    **Plaintiff's Motion to Compel:**

2         Plaintiff contends he needs these documents to show the court and jury the possible pattern of

3    misconduct involving G. Wildey, and all personal information such as social security numbers, driver

4    license information may be redacted.

5    **Ruling:**

6         Plaintiff's motion to compel is DENIED.  Plaintiff's request is vague and overbroad.

7    Defendant Wildey's prison record and/or file likely contain a myriad of unrelated information.

8    Plaintiff's request is both vague and overbroad, and he has not met his burden of demonstrating that

9    these documents (whatever they may be) are relevant with the meaning of Rule 26.

10   **Requested Document Number 17:**

11        Copies to any and all documents, memos, chromos, manuals, including the Department of

12   Operations Manual and Operation Procedures Manual that was authorized by the CDCR on or before

13   7-16-09 that instructed or authorized correctional officers to intentionally lie (under oath) during an

14   interrogatory or admissions examination.

15   **Response:**

16        Defendant objects to this request on the grounds that it is overly broad as to time, burdensome,

17   irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, and assumes

18   facts not in evidence, specifically that any officer "intentionally lied under oath to an interrogatory or

19   request for admission."  Without waiving these objections, Defendant responds, there are no such

20   documents.

21   **Plaintiff's Motion to Compel:**

22        Plaintiff does not provide a specific objection to this response in either his motion to compel or

23   reply to Defendants' opposition.

24   **Ruling:**

25        Plaintiff's motion to compel is DENIED.  Without waiving objections to the request,

26   Defendant responded that no such documents exist.  Accordingly, absent evidence to the contrary,

27   which there is not, Plaintiff's motion to compel a further response must be denied.

28   ///

**Requested Document Number 18:**

Copies to any and all documents, memos, chronos, manuals, including the Department of Operations Manual and the Operations Procedures Manual that was authorized by the CDCR on or before 7-16-09, which instructed or authorized correctional officers to lie or knowingly give false statements during an institutional 602 appeal inquiry.

**Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome, irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, and assumes facts not in evidence, specifically that any officer "lied or knowingly gave false statements in a 602 appeal inquiry." Without waiving these objections, Defendant responds, there are no such documents.

**Plaintiff's Reply:**

In his reply to Defendants' opposition, Plaintiff contends that these documents are necessary to show the court and jury that Defendant did not follow the protocol established by the CDCR or federal law.

**Ruling:**

Plaintiff's motion to compel is denied. Without waiving objections to the request, Defendant responded that no such documents exist. Accordingly, absent evidence to the contrary, which there is not, Plaintiff's motion to compel a further response must be denied.

**Requested Document Number 19:**

Copies to any and all documents, memos, chronos, manuals, including the Department of Operations Manual and Operations Procedures Manual that was authorized by the CDCR on or before 7-16-09 that made "any" type of references to the (code of silence).

**Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome, irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, and assumes facts not in evidence, specifically that there is "any type of reference to a code of silence" or that there is a "code of silence." Without waiving these objections, Defendant responds there are no such documents.

22

1    **Plaintiff's Reply:**

2        Plaintiff contends he needs these documents to show the court and jury that the Defendant is

3    part of a systemic problem where there is an unwritten policy that CDCR employees violate the law

4    because they lie or knowingly make false statements in reports or inquiries.

5    **Ruling:**

6        Plaintiff's motion to compel is DENIED.  Without waiving objections to the request,

7    Defendant responded that no such documents exist.  Accordingly, absent evidence to the contrary,

8    which there is not, Plaintiff's motion to compel a further response must be denied.

9    **Requested Document Number 20:**

10       Copies to any and all previous law suits that you have been named as a defendant.

11   **Response:**

12       Defendant objects to this request on the grounds that it is vague and ambiguous as to the terms

13   "named as a defendant," overly broad as to time and subject matter, burdensome, irrelevant, is not

14   reasonably calculated to lead to the discovery of admissible evidence, and is inadmissible character

15   evidence.  Due to the overbreadth, Defendant objects to this request on the grounds that the documents

16   requested are confidential and cannot [be turned] over to plaintiff due to safety and security concerns

17   of the institution, prison officials and inmates and would violate the privacy rights of prison officials

18   and inmates.  Insofar as Plaintiff is requesting information directly pertaining to Defendant, that

19   information is part of Defendant's personnel information and thus is protected from disclosure by the

20   constitutional right to privacy, and various state and federal statutes governing the confidentiality of

21   peace officer records, the official information privilege, California Government Code section 6254,

22   and California Evidence Code sections 1040, 1041, and 1043.  Without waiving said objections,

23   Defendant responds: Defendant does not recall any previous lawsuits where he was named a

24   Defendant and after a diligent and reasonable search, no responsive documents were located.

25   **Plaintiff's Reply:**

26       Plaintiff contends he needs these documents to show the court and jury the possible pattern of

27   unlawful conduct by the Defendant.

28   ///

23

1  **Ruling:**

2       Plaintiff's motion to compel is DENIED.  Without waiving his objection, Defendant responded

3  that he did not recall any previous lawsuits and after a diligent and reasonable search no such

4  information was located.  Accordingly, absent evidence to the contrary, which there is not, Plaintiff's

5  motion to compel a further response must be denied.

6       **Requested Document Number 21:**

7       Copies to any and all previous incidents or circumstances that forced or caused you to seek

8  psychological help in a mental health program.

9       **Response:**

10      Defendant objects to this request on the grounds that it is vague, overly broad as to time and

11 subject matter, burdensome, irrelevant, is not reasonably calculated to lead to the discovery of

12 admissible evidence and assumes facts not in evidence, specifically that there were "any previous

13 incidents or circumstances that forced or caused Defendant to seek psychological help in a mental

14 health program."  Moreover, the information requested is part of Defendant's personnel and medical

15 information and thus is protected from disclosure by the constitutional right to privacy, and various

16 state and federal statutes governing the confidentiality of peace officer records, the official information

17 privilege, California Government Code section 6254, California Evidence Code sections 1040, 1041,

18 and 1043 and the Health Insurance Portability and Accountability Act.  No documents will be

19 produced.

20      **Plaintiff's Reply:**

21      Plaintiff contends these documents are necessary to show the court and jury the possible

22 mental disorder of G. Wildey which could have led or assisted in his behavior on 7-16-09 these

23 documents could also alter the proper authorities that the defendant is a serious threat to the safety and

24 security of the correctional system.

25      **Ruling:**

26      Plaintiff's motion to compel is DENIED.  Plaintiff's request is vague, overbroad, and

27 irrelevant.  This claim is proceeding against Defendant Wildey for excessive force, and there is no

28 basis as to why or how Defendant Wildey's psychological condition is relevant to this action.

1    6.    Defendant Marshall's Responses to Request for Document Production
2          One Through Five[4]

3    **Requested Document Number One:**

4    Copies to any and all documents, memos, chromos, manuals, including the Department of
5 Operations Manual and the Operation Procedures Manual that was authorized by the CDCR on or
6 before 7-16-2009 that (instructed correctional officers what they "shall" do if they see a prisoner being
7 physically assaulted by another officer).

8    **Initial Response:**

9    Defendant objects to this request on the grounds that it is overly broad as to time, burdensome,
10 and assumes facts not in evidence specifically that "prisoners are physically assaulted by officers."
11 Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which
12 would create a hazard to the safety and security of the institution and prison officials.  Without
13 waiving these objections, responsive non-confidential documents, regarding officer's duties owed in
14 inmates, in Defendant's possession, custody, and control are contained in Title 15 of the California
15 Code of Regulations and the Department Operations Manual, both of which are available in the prison
16 law library for inspection and copying.

17   **Amended Response:**

18   California Code of Regulations, title 15 (2009) sections 3268, 3268.2, 3270-3271, 3275-3279,
19 and Department Operations Manual section 51030 et. seq., provided in "Wildey's Responses to RFPs-
20 Attachment I."

21   **Ruling:**

22   Plaintiff's motion to compel is DENIED.   By way of supplemental response, Defendant
23 provided Plaintiff with the relevant copies of the applicable California Code of Regulations and
24 Department Operations Manual.  Without any specific claim by Plaintiff as to how this production was
25 deficient, Defendant cannot be compelled to provide a further response.

26

27   ───────────────────

28   [4] In response to Plaintiff's motion to compel, Defendant Marshall amended his responses to Plaintiff's Request for
Documents Numbers One and Two.

**Requested Document Number Two:**

Copies to any and all documents, memos, chronos, manuals, including the Department Operations Manual and the Operation Procedures Manual that was authorized by the CDCR on or before 7-16-2009 that instructed Correctional Officers what they "shall" do if they see a prisoner in pain and begging for help.

**Initial Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome, and assumes facts not in evidence specifically that officers "shall do" something "If a prisoner is in pain and begging for help."  Due to the overbreadth, documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution and prison officials.  Without waiving these objections, responsive on-confidential documents, regarding officer's duties owed in inmates, in Defendant's possession, custody, and control are contained in Title 15 of the California Code of Regulations and the Department Operations Manual, both of which are available in the prison law library for inspection and copying.

**Amended Response:**

California Code of Regulations, title 15 (2009) sections 3004, 3268.1, provided in "Wildey's Responses to RFPs-Attachment III."

**Plaintiff's Reply:**

Plaintiff contends he is in need of these copies to show the court and jury that R. Marshall did not follow the protocol established by the CDCR or federal law.

**Ruling:**

Plaintiff's motion to compel is DENIED.  By way of supplemental response, Defendant provided Plaintiff with the relevant copies of the applicable California Code of Regulations and Department Operations Manual.  Without any specific claim by Plaintiff as to how this production was deficient, Defendant cannot be compelled to provide a further response.

**Requested Document Number 3:**

A copy of Defendant R. Marshall's CDCR's complete prison record/files in its entirety – as it was on the date 7-16-2009.

**Response:**

Defendant objects to this request on the grounds that it is vague, overly broad as to time and subject matter, burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request on the grounds that the documents requested are confidential and is part of Defendant's personnel information and thus is protected from disclosure by the confidential right to privacy, and various state and federal statutes governing the confidentiality of peace officer records, the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, 1043.  No documents will be produced.

**Plaintiff's Reply:**

Plaintiff contends he needs this document to the court and jury the possible pattern of misconduct by Defendant Marshall, and any personal matter such as social security numbers and driver's license number may be redacted.

**Ruling:**

Plaintiff's request is vague and overbroad.  Defendant Marshal's prison record and/or file likely contain a myriad of unrelated information.  Plaintiff's request is both vague and overbroad, and he has not met his burden of demonstrating that these documents (whatever they may be) are relevant with the meaning of Rule 26.

**Requested Document Number 4:**

Copies to any and all previous lawsuits that you have been named as a Defendant.

**Response:**

Defendant objects to this request on the grounds that it is vague, overly broad as to time and subject matter, burdensome, irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, and is inadmissible character evidence.  Due to the overbreadth, Defendant objects to this request on the grounds that the documents requested are confidential and cannot [be turned] over to Plaintiff due to safety and security concerns to the institution, prison officials and inmates and would violate the privacy rights of prison officials and inmates.  Insofar as Plaintiff is requesting information directly pertaining to Defendant, that information is part of Defendant's personnel information and thus is protected from disclosure by the constitutional right to privacy, and

various state and federal statutes governing the confidentiality of peace officer records, the official

information privilege California Government Code section 6254, and California Evidence Code

section 1040, 1041, and 1043.  Without waiving said objections, Defendant does not recall any

previous lawsuits where he was named a Defendant and after a diligent and reasonable search, no

responsive documents were located.

**Plaintiff's Reply:**

Plaintiff needs these documents to show the court and jury the possible pattern of unlawful

conduct by Defendant Marshall.

**Ruling:**

Plaintiff's motion to compel is DENIED.   Without waiving his objection, Defendant

responded that he did not recall any previous lawsuits and after a diligent and reasonable search no

such information was located.  Accordingly, absent evidence to the contrary, which there is not,

Plaintiff's motion to compel a further response must be denied.

**Requested Document Number 5:**

Copies to any and all (40 plus hours of training) you received from the CDCR on or before 7-

16-09, concerning the use of force training your received when dealing with prisoners.

**Response:**

Defendant objects to this request on the grounds that it is overly broad as to time, burdensome,

irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, and requests

confidential peace officer personnel documents protected by the official information privilege,

California Government Code section 6254, and California Evidence Code sections 1040, 1041, and

1043.

Without waiving said objections, Defendants will produce use of force training records for

Defendant for 2009, which are attached as Attachment I.

**Plaintiff's Reply:**

Plaintiff requests these documents to show the court and jury that Defendant Marshall did not

follow protocol established by the CDCR or federal laws.  Plaintiff contends he is requesting the

detailed training of all 40 plus hours training the Defendant received.

1   **Ruling:**

2          Plaintiff's motion to compel is DENIED.  Without waiving any objections, Defendant provided

3   Plaintiff with the relevant copies of the applicable training Defendant Marshall in 2009.   The

4   document reveals that in 2009, Defendant Marshall underwent the following training: on September

5   28, 2009, he completed a Less than Lethal Weapons training conducted by Instructor Goodson, for

6   1.00 hour of credit; on October 1, 2009, he completed a Use of Force training, conducted by Instructor

7   Hollinge, for 3.00 hours of credit, on November 17, 2009, he underwent a Use-of-Force training, for

8   1.00 hour of credit, and on November 20, 2009, he underwent a Use-of-Force training, conducted by

9   Instructor Tyson, for 4.00 hours of credit.  Because Plaintiff's claim revolves around a single incident

10  occurring on July 16, 2009, Defendant Marshall provided an adequate response as to the training

11  relevant to that period of time in 2009.

12                                                    **III.**

13                                   **CONCLUSION AND ORDER**

14          Based on the foregoing,

15          IT IS HEREBY ORDERED that:

16          1.      Plaintiff's motion to compel as to Requested Document Number One propounded on

17                  Defendant Wildey is GRANTED, and Defendant Wildey shall file a supplemental

18                  response to the request within thirty days from the date of service of this order;

19          2.      Plaintiff's motion to compel is DENIED in all other respects.

20

21  IT IS SO ORDERED.

22  Dated:   **September 2, 2014**

23                                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28