1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   BENNY FORD,                          )   Case No.: 1:10-cv-01024-LJO-SAB (PC)
                                          )
12                  Plaintiff,            )
                                          )   ORDER DENYING PLAINTIFF'S MOTION
13          v.                            )   FOR RECONSIDERATION
                                          )
14   G. WILDEY, et al.,                   )   [ECF No. 72]
                                          )
15                  Defendants.           )
                                          )
16   _____     )

17          Plaintiff Benny Ford is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          On September 15, 2014, Plaintiff filed a motion for reconsideration of the Court's September

20   2, 2014, order resolving Plaintiff's motion to compel discovery.  Defendants filed an opposition on

21   September 24, 2014.

22          Although Plaintiff does not reference that he seeks reconsideration under Rule 60 of the

23   Federal Rules of Civil Procedure, the Court construes his motion to be filed as such.

24          Reconsideration motions are committed to the discretion of the trial court.  Rodgers v. Watt,

25   722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.

26   Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly convincing nature

27   to induce the court to reverse a prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of

28

                                                   1

Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent injustice and is to be utilized only where extraordinary exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party must demonstrate both injury and circumstances beyond his control. Harvest v. Castro, 531 F.3d at 749. Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

In the instant motion, Plaintiff argues that he had to file a grievance to view his central file. However, Plaintiff presents no relevant evidence that he has made any *recent* efforts to view his central file simply by inquiring for it. Further, as declared by the Litigation Coordinator M. Kimbrell, as of June 17, 2014, Plaintiff has made no request to view his central file. Although Plaintiff references a request to review his central file made in 2011, it was noted that Plaintiff was provided copies of certain documents and any further requests for non-legal documents must be paid for from prison funds pursuant to institutional policy and procedure. (ECF No. 52, Ex. N.) Accordingly, Plaintiff's motion for reconsideration of this Court's ruling must be denied.

Plaintiff further claims he does not have access to his medical records and also complains that he wishes to view his medical records from 1979 to the present. However, Plaintiff's discovery request, at issue in the motion to compel, specifically asked for records from "11-19-2013 to duration of litigation." (ECF No. 57-4.) Plaintiff initiated this action on June 7, 2010, and Plaintiff was provided his medical records from 2010 through 2013, as he specifically requested. (ECF Nos. 1, 57-4.) Furthermore, Plaintiff acknowledged receipt of the medical records and made no complaint at the time he viewed and received the records, nor at any time after he sought other records, beyond filing a motion to compel. (ECF No. 57-4 at 3-4.) Plaintiff has failed to provide newly discovered evidence to support his contention that he has been stopped, thwarted, or obstructed in viewing his records. As Defendants submit, should Plaintiff wish to view additional records, he must make an appropriate

request, clearly identifying the date of the materials he wishes to view.  Accordingly, Plaintiff's

motion for reconsideration must be denied.

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **October 7, 2014**

_____

UNITED STATES MAGISTRATE JUDGE

3