UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FORD,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>G. WILDEY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:10-cv-01024-LJO-SAB (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR A PROTECTIVE ORDER<br><br>[ECF No. 107] |

　　　Plaintiff Benny Ford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Pending before the Court is Defendants' request for a protective order and in camera review of a confidential record filed in response to Plaintiff's prior discovery requests and filed under seal with the Court.

　　　A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c), which provides that a trial court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses." As the Ninth Circuit explained, "[t]he relevant standard for purposes of Rule 26(c) is whether 'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for

confidentiality." Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).

Following an in camera review of the relevant confidential record and review of Defendants' request for a protective order, the Court finds that Defendants' request shall be granted in part and denied in part. The Court does not find in the appeal inquiry report any information that, if disclosed, could lead to a breach of security or otherwise threaten the safety of any correctional staff or inmate. The identities of the officers interviewed in the appeal inquiry are those that Plaintiff named in his original complaint. Moreover, in each instance the summary of the officers' statements in the report simply refutes Plaintiff's version of events. Thus, given Plaintiff is aware of the identity of the officers involved and given that Defendants have filed a motion for summary judgment, Plaintiff is certainly aware of such factual information. See Dowell v. Griffin, 275 F.R.D. 613, 618 (S.D. Cal. 2011) (overruling objections against disclosure in part because "[t]he identities of the officers in question are known, and the identity of anyone not a party to this case potentially disclosed in the document can be withheld by a protective order.") Accordingly, Defendants shall disclose the confidential record, subject to redaction of the names and identifying information of the third party inmates. This ruling is subject to a showing by Plaintiff to overcome the disclosure of the redacted identifying information.

Based on the foregoing, it is HEREBY ORDERED that within **twenty (20)** days from the date of service of this order, Defendants shall provide Plaintiff with a copy of the confidential record subject to redaction of the names and identifying information of the third party inmates.

IT IS SO ORDERED.

Dated: **March 23, 2015**

UNITED STATES MAGISTRATE JUDGE