UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>G. WILDEY, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01024-LJO-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 113] |

Plaintiff Benny Ford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 30, 2015, Plaintiff filed a motion for the appointment of counsel.

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present motion, Plaintiff contends that he recently received an order from the Court granting Defendants leave to file confidential records under seal for in camera review. (ECF No. 113 at 1.) Plaintiff contends that as a pro se litigant he is at a serious disadvantage in trying to prosecute this case without necessary documentation by way of discovery.

The Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). On March 23, 2015, the Court granted in part and denied in part Defendants' request for a protective order, and directed that Defendants provide Plaintiff with a copy of the appeal inquiry report (the subject of the confidential record) after redaction of identifying information. (ECF No. 111.) Thus, there is no basis to Plaintiff's argument that he presently at a disadvantage in prosecuting this action without obtaining the confidential document that was the subject of in camera review. In addition, while a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Thus, the Court finds that Plaintiff's argument regarding his ability to obtain discovery is not an exceptional circumstances warranting the appointment of counsel at this time. Accordingly, Plaintiff motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 8, 2015**

UNITED STATES MAGISTRATE JUDGE