UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FORD,<br><br>            Plaintiff,<br><br>       v.<br><br>G. WILDEY, et al.,<br><br>            Defendants. | Case No.: 1:10-cv-01024-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS<br><br>[ECF No. 116] |

Plaintiff Benny Ford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 22, 2015, Plaintiff filed a motion to compel enforcement of the Court's March 23, 2015, order which directed Defendants to provide Plaintiff a redacted copy of the confidential appeal inquiry submitted to the Court for in camera review. (ECF No. 111.) Defendants filed a response to Plaintiff's motion on April 27, 2015, and Plaintiff filed a reply on May 6, 2015. (ECF Nos. 117, 118.) The motion is now submitted to the Court for review. Local Rule 230(l).

**I.**

**DISCUSSION**

Counsel for Defendants submits that she prepared a redacted copy of the Confidential Appeal Inquiry, but due to counsel's other obligations, inadvertently failed to provide the redacted copy to Plaintiff. (ECF No. 117, Bajwa Decl. ¶ 2.) Counsel for Defendants was not alerted of this failure until

1

counsel received Plaintiff's instant motion to compel enforcement of the Court's March 23, 2015, order. (ECF No. 111.) Defendants oppose Plaintiff's request for imposition of sanctions based on counsel's inadvertent error and the fact Defendants have now provided a redacted copy of the appeal inquiry to Plaintiff.

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. Wyle v. R.J. Reynolds Indus. Inc., 709 F.2d 585, 589 (9th Cir. 1983) (citing Nat'l Hockey League v. Metro. Hockey Clubs, 427 U.S. 639, 643 (1976)). The Court may issue any "just order" including the following:

> (i) directing that the matters embraced in the order or other designated claims or defenses, or from introducing designated matters in evidence;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceedings in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "In the Ninth Circuit, sanctions are appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (quoting United States v. Kahaluu Construction Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988) (citations omitted)).

In this instance, there is no evidence before the Court that counsel's initial failure to comply with the Court's order to provide Plaintiff a copy of the inquiry appeal was willful or done in bad faith, and there is no dispute that when counsel realized the mistake, Plaintiff was provided a copy of the document. Thus, on this record, the Court cannot find that counsel's conduct warrants imposition of sanctions under Rule 37, and Plaintiff's motion shall be denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for enforcement of the Court's March 23, 2015, order is DENIED as MOOT; and

2. Plaintiff's motion for imposition is DENIED.

IT IS SO ORDERED.

Dated:   **May 6, 2015**

UNITED STATES MAGISTRATE JUDGE