UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. WILDEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01024-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES, DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS, AND GRANTING DEFENDANTS' REQUEST FOR EXCLUSION OF WITNESSES FROM COURTROOM DURING TRIAL<br><br>[ECF Nos. 137, 143] |

　　Plaintiff Benny Ford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL BACKGROUND**

　　This case is currently set for jury trial on February 9, 2016, before the undersigned.

　　On September 8, 2015, Plaintiff filed a motion for the attendance of two incarcerated witnesses, Michael Watkins (V-68691) and Kemon Bead (F-41740), at trial. (ECF No. 137.) Defendants filed an opposition on October 19, 2015. (ECF Nos. 141, 142.)

　　On November 2, 2015, Plaintiff filed a motion requesting the issuance of two separate form subpoenas for Plaintiff to file a motion under Federal Rule of Civil Procedure 45.

///

///

## II.

## DISCUSSION

**A.      Motions for Attendance of Incarcerated Witnesses and Issuance of Subpoenas**

Defendants submit that the two prospective witnesses are no longer in the custody of the California Department of Corrections and Rehabilitation (CDCR).  (ECF No. 142, Declaration of Duncan ¶ 2.)  On September 29, 2015, defense counsel, D. Robert Duncan, contacted the CDCR in an attempt to locate inmate witnesses Michael Watkins (V-68691) and Kemon Bead (F-41740), and was informed that inmate Watkins paroled on August 27, 2015, and inmate paroled on April 5, 2014.  (Id.)  Thus, Plaintiff's motion for the attendance of incarcerated witnesses shall be denied as moot.

Plaintiff's motion for subpoenas must also be denied.  As stated in the trial scheduling order issued August 28, 2015, if the unincarcerated witness agrees to attend the trial voluntarily, it is Plaintiff's responsibility to notify the witness of the time and date of trial and no subpoena is necessary.  (ECF No. 136, Order at 7-8.)  If Plaintiff wishes to serve a subpoena on these witnesses even though they agree to testify voluntarily, Plaintiff must inform the Court of their location in order for the Court to issue the appropriate subpoena.

If witnesses Michael Watkins and Kemon Bead will not testify voluntarily, and Plaintiff seeks the issuance of subpoenas and service by the United States Marshal, Plaintiff has not followed the proper procedure.  With regard to unincarcerated witnesses who will not testify voluntarily, Plaintiff was advised as follows:

> If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court</u>.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

///

**If Plaintiff wishes to have the United States Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than October 5, 2015. In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, on or before September 28, 2015.**

(ECF No. 136, Order at 8:11-23.)

Accordingly, the Court will not issue a subpoena for any witness unless and until Plaintiff has notified the Court in writing of the name and location of each unincarcerated witness so the Court can calculate the travel expenses and witness fees for each witness for submission of an appropriate money order. Further, the Court will not order service a subpoena upon any unincarcerated witness by the United States Marshal unless and until the money order is tendered by the Court. In addition, the tendering of witness fees and travel expenses is required even if the party, as Plaintiff, was granted leave to proceed in forma pauperis.

Plaintiff has only notified the Court of the identity of the two former inmate witnesses, Michael Watkins and Kemon Bead for which he seeks subpoenas; however, Plaintiff has not provided the location of either witness, and the Court cannot calculate the appropriate witness fees and travel expenses in order for Plaintiff to submit an appropriate money order. Accordingly, Plaintiff's motion for subpoenas must be denied, without prejudice.

**B.     Defendants' Request to Exclude Witnesses From Courtroom During Trial**

As previously stated, Defendants request that the Court exclude from the courtroom any and all witnesses who are not personally under examination on the grounds that the witnesses may testify to similar matters and allowing one to hear the questions and answers of another will undermine Defendants' ability to adequately cross-examine those witnesses. (ECF No. 141, Opp'n at 2.)

Federal Rule of Evidence 615(b) requires the Court, at a party's request, to order witnesses excluded so that they cannot hear other witnesses' testimony. However, this rule does not authorize excluding a party from hearing another witnesses' testimony. Fed. R. Evid. 615(b).

Defendants' motion is GRANTED to the extent that all non-party witnesses will be excluded from the courtroom during testimony by other witnesses.

///

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of incarcerated witnesses is DENIED as MOOT;
2. Plaintiff's motion for the issuance of two separate subpoenas is DENIED, without prejudice; and
3. Defendants' request to exclude witnesses from the courtroom during trial is GRANTED.

IT IS SO ORDERED.

Dated:   **November 3, 2015**

UNITED STATES MAGISTRATE JUDGE