UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FORD,<br><br>        Plaintiff,<br><br>    v.<br><br>G. WILDEY, et al.,<br><br>        Defendants. | Case No.: 1:10-cv-01024-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO ORDER INDEPENDENT WRIST EXAMINATION<br><br>[ECF No. 153] |

      Plaintiff Benny Ford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      On December 23, 2015, Plaintiff filed a motion for the Court to order an independent wrist examination. (ECF No. 153.)

      Pursuant to Rule 702 of the Federal Rules of Evidence, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. Under Rule 706, the Court may on its own motion, or on the motion of a party appoint an expert witness. Fed. R. Evid. 706 (a).

      While the Court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel Ford v. Long Beach Unified School

Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); <u>Walker v. American Home Shield Long Term Disability Plan</u>, 180 F.3d 1065, 1071 (9th Cir. 1999), where the cost would likely be apportioned to the government, the Court should exercise caution.

In addition, Rule 706 does not provide an avenue to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, <u>Manriguez v. Huchins</u>, No. 1:09-cv-00456-LJO-BAM (PC), 2012 WL 5880431, *12 (E.D. Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, <u>Faletogo v. Moya</u>, No. 12cv631 GPC (WMC), 2013 WL 524037, *2 (S.D. Cal. 2013).

Here, Plaintiff seeks the appointment of an expert witness to examine his wrists and hands and provide professional opinion on how Plaintiff could have received the injuries to counteract the testimony provided by Defendants' expert. Avoiding bias or otherwise assisting one party is not the purpose of Rule 706, and the Court does not find that expert testimony is necessary for Plaintiff to present his case to the jury. Accordingly, Plaintiff's motion for appointment of an expert witness is DENIED.

IT IS SO ORDERED.

Dated:   **December 28, 2015**

UNITED STATES MAGISTRATE JUDGE