UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY FORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. WILDEY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:10-cv-01024-SAB (PC)<br><br>ORDER REGARDING PARTIES' MOTIONS IN LIMINE<br><br>[ECF Nos. 150, 151] |

　　　　Plaintiff Benny Ford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action is proceeding against Defendants Wildey and Marshall for excessive force in violation of the Eighth Amendment.

　　　　The matter is set for jury trial before the undersigned on February 9, 2016, at 8:30 a.m.

　　　　On December 18, 2015, both parties filed separate motions in limine.  (ECF Nos. 150, 151.)  Plaintiff filed an opposition to Defendants motion on December 31, 2015.  (ECF No. 157.)  Defendants filed an opposition to Plaintiff's motion on January 15, 2016.  (ECF No. 161.)

　　　　On January 26, 2016, the Court held a telephonic motions in limine hearing, and counsel Bob Duncan appeared on behalf of Defendants and Plaintiff appeared pro se.

///

## II.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

## III.

## MOTIONS IN LIMINE

### A.   Plaintiff's Motion in Limine

Plaintiff seeks to exclude Defendants' non-retained expert Dr. Galen Church for lack of sufficient foundation for Dr. Church to testify as an expert. Plaintiff also objects on the basis that Dr. Church never physically examined him.

Defendants oppose Plaintiff's motion and argue that Dr. Church is permitted to provide opinion testimony based on his experience and training as a physician and review of Plaintiff's prison health care records. Defendants submit that Dr. Church is a physician and surgeon, licensed to practice medicine in the State of California. (ECF No. 67, Decl. of Church at ¶ 1.) Dr. Church earned his medical degree in 2000 from the Chicago College of Osteopathic Medicine at Midwestern University in Illinois, and completed a residence in family medicine in 2003. (Id.) Dr. Church's experience includes General and Family Medicine in the United States Air Force and emergency medicine practice at the Good Shepard Medical Center in Herminston, Oregon. (Id.) Since 2013, Dr. Church has been employed by the California Department of Corrections and Rehabilitation as the Chief Physician and Surgeon at California Healthcare Facility in Stockton, California. (Id.) Dr.

1  Church's medical practice at the CDCR includes the direct medical care of inmates and the
2  supervision and review of other healthcare providers.  (Id. ¶ 2.)  Throughout Dr. Church's medical
3  practice the treatment of chronic and acute pain has been integral.  (Id.)  Defendants maintain that Dr.
4  Church's training, knowledge, skill, and experience qualify him to render an opinion regarding
5  Plaintiff's claimed wrist injury.
6       Defendants submit that Dr. Church will testify that he reviewed Plaintiff's Unified Health Care
7  Record and even if, as Plaintiff alleges, handcuffs were placed too tightly on wrist for 30 to 45
8  seconds, the duration of the handcuffing was insufficient to cause injury.  (ECF No. 67 at ¶ 13.)  Dr.
9  Church's testimony is based on his review of Plaintiff's health care records and his training,
10  knowledge, skill, and experience.  (Id. at ¶¶ 1-3.)
11       The Federal Rules of Evidence authorize the opinion testimony of an expert witness who has
12  the requisite "knowledge, skill, experience, training or education" to form a specialized opinion.  Fed.
13  R. Evid. 702.  "An expert may base an opinion on facts or data in the case that the expert has been
14  aware of or personally observed.  If experts in the particular field would reasonably rely on those kinds
15  of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be
16  admitted." Fed. R. Evid. 703.  A medical expert may base his opinion on the medical opinions and
17  information contained in the reports of other doctors.  See Fed. R. Evid. 703; Westfield Ins. Co. v.
18  Harris, 134 F.3d 608, 612 (4th Cir. 1998).
19       **Ruling:** Based on the qualifications set forth in Dr. Church's declaration, Plaintiff's objection
20  for lack of sufficient foundation is overruled, and Plaintiff's motion in limine to exclude the expert
21  testimony of Dr. Church is DENIED.
22       **B.**    **Defendants' Motions in Limine**
23  Defendants seek to exclude the declarations of former inmates Michael Watkins (V-68691) and
24  Kemon Bead (F-41740).  Plaintiff submits the declarations of Watkins and Bead as exhibits 6 and 7,
25  he expects to introduce at trial.  (ECF No. 147 at 47-50.)
26  ///
27  ///
28  ///

3

> Kemon Bead's sworn declaration states:
>
> I heard inmate Ford, C-04844, being escorted back from the shower. I heard C/O Wiley state that he could squeeze the cuff's tighter if he wanted to. C/O Wiley made this type of statement a few times during this incident. It appeared that C/O Wiley was taunting inmate Ford. About an hour later, Ford asked me if I had ay Tylenol. He stated that he was in a lot of pain.

(ECF No. 147, Ex. 7.)

> Michael Watkin's sworn declaration states:
>
> I Michael Watkins V-68691 was standing at my door waiting on showers and I saw I/M Ford walk by my door and he looked as if he was in a lot of pain. I heard C/O Wiley state: he could squeeze the cuffs tighter if he wanted to and C/O Wiley was smiling.

(ECF No. 147, Ex. 6.)

Defendants contend that the declarations of inmates Watkins and Bead are hearsay as they will be offered to prove that Defendants used excessive force against Plaintiff. Fed. R. Evid. 801. Defendants argue that such declarations are inadmissible pursuant to Federal Rule of Evidence 802.

On September 8, 2015, Plaintiff filed a motion requesting the attendance of two incarcerated witnesses, Watkins and Bead. (ECF No. 137.) Defendants opposed the motion on the grounds that Watkins and Bead were no longer incarcerated within the California Department of Corrections and Rehabilitation (CDCR). (ECF No. 141.) On November 2, 2015, Plaintiff filed a motion requesting issuance of two separate form subpoenas for Bead and Watkins to attend the February 9, 2016 trial. (ECF No. 143.)

On November 3, 2015, the Court denied Plaintiff's motions because the evidence demonstrated that Watkins and Beads were no longer incarcerated within CDCR, and Plaintiff failed to follow the proper procedure to obtain the attendance of unincarcerated witnesses. (ECF No. 144.) In that order, the Court noted that Plaintiff failed to provide in writing the name and location of Watkins and Bead, in order for the Court to calculate the travel expenses and witness fees. (Id.) The Court concluded that no subpoenas would issue unless and until Plaintiff notified the Court in writing of the name and location of the unincarcerated witnesses. (Id. at 3.) To date, Plaintiff has not provided the Court with the locations of former inmates, Bead and Watkins.

///

**Ruling:** Defendants' motion in limine to exclude the declarations of former inmates Watkins and Bead is GRANTED, as these declarations are out of court statements offered for the truth of matter asserted therein constituting inadmissible hearsay. Fed. R. Evid. 801, 802. Plaintiff failed to demonstrate that either of the witnesses is unavailable to testify in person, and even if such witness was unavailable the proffered declarations do not fall within any exception to the rule against hearsay. Fed. R. Evid. 803, 804.

IT IS SO ORDERED.

Dated:   **January 26, 2016**

UNITED STATES MAGISTRATE JUDGE

5